STEPHEN D. RILEY, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, APPELLANT.

FILED APRIL 18, 1907. No. 14,679.

Carriers: INJURY TO SHIPPER. One who under contract with a railroad company accompanies a shipment of live stock is not a passenger within the meaning of section 10039, Ann. St. 1903; and, in an action for personal injuries received by such person, the common law and not the statutory rule of liability applies.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. Reversed.

J. W. Deweese, F. E. Bishop and F. W. Deweese, for appellant.

Berge, Morning & Ledwith, contra.

EPPERSON, C.

On March, 16, 1905, plaintiff Riley shipped a stallion over defendant's railway from Corning, Iowa, to a station in Nebraska, under contract whereby plaintiff was to accompany the stock. When the train was half way between Havelock and Lincoln, in this state, plaintiff, believing that a collision or wreck was about to occur, jumped from the car and was injured. He brought this suit for personal injury and recovered judgment for a small sum. The railway company appeals, urging the insufficiency of the evidence as the sole ground of reversal.

It seems to be the theory of the plaintiff that he was a passenger, within the meaning of section 10039, Ann. St. 1903, which provides: "Every railroad company as aforesaid, shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the person injured, or when the injury complained of shall be the violation of some express rule or regulation of said road actually brought to his or her notice." " 'Criminal negligence,' as used in the statute, which will defeat a recovery for an injury received by a passenger is defined to mean gross negligence, such as amounts to a reckless disregard of one's own safety, and a wilful indifference to the consequence liable to follow." *Chicago, B. & Q. R. Co. v. Winfrey,* 67 Neb. 13; *Union P. R. Co. v. Porter,* 38 Neb. 226; *Omaha & R. V. R. Co. v. Chollette,* 33 Neb. 143. Even were we to adopt this theory, it is not clear that plaintiff was free from negligence as above defined.

Plaintiff has not favored us with a brief. His account of the accident, as we gather it from the record, is about as follows: "I was riding in there with my horse; had hold of the halter, standing there, leaning again the rope there by the horse to keep him quiet; and all at once the engineer he reversed his steam and began to slow down, and slowed down, and began to run back and set the car

back as fast as he could, and it excited me, and I opened the door and looked out and thought another train was coming down, and that excited me, and I jumped off. * * * Q. And you say they sounded the whistle? * * * A. They began to whistle as fast and loud as they could, and of course that is what alarmed me. * * * Q. How long did they continue to blow the whistle? A. I could not tell you. After I opened the door quite a bit. * * * Q. And, while you opened your car door, what did you see in front of your train? A. Why I looked out ahead and I thought I could see another train coming down onto us. Q. Did you see another train? A. Yes, I think I did. * * * I thought I could see the light of another engine. * * * Q. You say the train you were on at the time you jumped off was going at considerable speed? A. Yes, sir. * * * Q. Now, your train came right on into Lincoln, you say? A. Yes, sir. Q. There wasn't any collision was there? A. No, sir."

A carrier cannot be held liable for an injury received by one who attends a shipment of live stock, except in the event that the carelessness of the carrier was the proximate cause of the injury. In *Omaha & R. V. R. Co. v. Crow*, 54 Neb. 747, IRVINE, C., says, in reference to persons accompanying stock: "The statute fixing the liability of carriers to ordinary passengers is, from the nature of the case, not applicable; but, subject to the different conditions reasonably arising from the special arrangements and duties created by such a contract, the common law as to carriers of passengers applies. The carrier, subject to such modifications is still bound to the exercise of the highest degree of care of which human foresight is capable; and contributory negligence is a defense." To the same effect are *Chicago, B. & Q. R. Co. v. Troyer*, 70 Neb. 287; *Missouri P. R. Co. v. Tietken*, 49 Neb. 130. In each of the above cited cases, a drover's or free pass had been issued to the person in charge of the stock, for whose injuries action had been instituted. In the case at bar,

plaintiff bought a ticket and entered into a contract with the company whereby he was to accompany the stallion in the car. We can see no difference in principle. The mere fact that a ticket was purchased can in no way change the liability of the company by virtue of the contract establishing the relationship of the parties. It is immaterial what form the contract may assume. The substance of it was that for a stipulated sum the carrier transported the stallion, with the plaintiff in charge. It is the fact that a party is in charge of stock traveling upon a freight train, and not the fact that such person has a free pass or a drover's pass, which fixes the liability of the railroad company in such cases as that of a common law carrier only.

The train was not in danger of collision or wreck, and the injury was not caused in any way or contributed to by the defendant company. Had there been apparent danger caused by the negligence of the defendant, then the plaintiff's act, which resulted in his injury, would have been no bar to his recovery. No act of negligence of the defendant is relied upon, other than the placing of the plaintiff in a position of apparent danger. The evidence tending to support this contention was nothing more than the plaintiff's testimony that he thought another train was bearing down upon them. He does not say, as we understand him, that he saw such a train, but that he saw lights ahead and heard what he calls the danger signal or whistle, whereupon, thinking a collision or wreck was about to occur, he jumped from the car and was injured. Plaintiff was not a passenger within the meaning of the statute, and the facts; viewing them in the light most favorable to plaintiff, raised but a presumption of negligence, and required the defendant company, at most, to prove that it was free from negligence. This was done by the testimony of the engineer, who said that no collision or wreck was apparent. This being undisputed, the trial court should have directed a verdict for defendant, as requested. The sole cause of the injury was the act of the plaintiff, prompted by an unjustifiable be-

lief that he was in danger, and this, we consider, must be held such negligence on his part as will relieve the railway company.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.