MICHAEL J. CORKLE, APPELLEE, V. CHARLES FENTON: LILLIAN GALLEHER, APPELLANT.

288 N. W. 55

FILED OCTOBER 27, 1939. No. 30645.

*Chambers, Holland & Locke* and *Hamer, Worlock, Randall & Tye,* for appellant.

*Fred S. Martin, O. A. Drake* and *McGan & Burbridge,* contra.

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

PAINE, J.

Plaintiff brings action against two defendants for injuries he received in an automobile accident. The jury return a verdict of $3,000 against each of the defendants. Charles Fenton, defendant, does not appeal. Lillian Galleher, the other defendant, appeals the judgment against her to this court for a reversal.

There is very little dispute between the parties as to the facts in issue, and they may be briefly stated as follows: The plaintiff, Michael J. Corkle, is 43 years of age, and was employed by the Starr Live Stock Commission Company, and lived in Omaha. He was driving west to Farnam, Nebraska, and had stopped in Grand Island for dinner. At a little after 1 o'clock on July 30, 1937, he was driving west in his 1936 Plymouth-coupé on the Lincoln Highway, being No. 30, about two miles west of Wood River, Nebraska, where the highway runs nearly straight, parallel with the Union Pacific track. He felt that his car was weaving a little, and looked both ways and, seeing no car very close, he stepped out on the pavement and found that a rear tire was about half down. He got back in the car and drove entirely off the pavement, leaving about a foot and a half to two feet between the edge of the pavement and his nearest wheel. He jacked up the car with his bumper jack, got out his spare tire, and proceeded to change it.

There were cars passing frequently while he was engaged in this work. All of a sudden he heard a crash and a scream, and he saw a car and a truck coming towards him from the

east, both of them hugging right up to the black line in the center of the pavement. When he first saw them they were about 300 feet away. They then bumped together again, and the truck swerved to the north and headed directly for his car, so he jumped and ran towards the front of his car, but was struck by the truck and injured.

The evidence of the two defendants may be briefly stated as follows: Charles Fenton, a farmer, resides in Kearney, and owned a 1937 Dodge truck, in which he was returning from Missouri to Kearney. As he was driving west he noticed the plaintiff working beside his car, and in his opinion the left hind wheel was on the paving. There were no cars approaching from the west right at that spot, and he looked in his rear-view mirror and saw nothing just behind him, and started to pull over to the south after he had honked. The plaintiff stood up and looked at him, and then started to run around the front of his parked car, and at the same instant he heard something go "bing" against the side of his truck. A Chevrolet coupé was right against his front wheel and bumper, and he could not manipulate it. He was trying to keep his car from running against the car parked along the parkway, and just as he passed the parked car the Chevrolet coupé went off towards the ditch, and the truck struck the fender of the parked car slightly, just enough to knock it off the jack. In putting the brakes on hard, the engine stalled, and he was about twice the length of his truck past the parked car, and in the north lane of travel he at once started the engine and drove his truck out on the north shoulder of the road.

The third car involved in this accident was the Chevrolet coupé owned and driven by Miss Lillian Galleher, a teacher in the city schools of Scottsbluff, Nebraska, and riding with her as a guest was Miss Tassie Becker, who had ridden with her from David City. They had stopped at Grand Island for lunch, and had been following the Dodge truck for some distance, between a quarter and half a mile, which reduced their speed to 25 or 30 miles an hour. Miss Galleher looked down the road, saw it was clear, honked her horn,

and started around the truck. While in the south lane of the highway, the truck suddenly turned and bumped into her, causing her to lose control of her car, which started down the bank on the south side and turned over. Miss Galleher was stunned and unable to talk at first. A large number of cars stopped until there was quite a crowd, and a wrecker came from Wood River and took them there. She testified that just after the accident Mr. Fenton said to her: "I just had to do it, lady, or I would have killed that man sure."

The plaintiff made the following charges of negligence in his petition against Miss Lillian Galleher: That she was reckless, careless, and negligent in driving at an excessive rate of speed, to wit, 60 miles an hour, and in failing to warn the plaintiff of her approach; in striking the truck of the defendant Fenton, and knocking the same into and upon the plaintiff, injuring him severely; and, lastly, that Miss Galleher could have seen, or should have seen, the plaintiff in ample time to avoid striking the Dodge truck and knocking said truck into and upon the plaintiff.

Miss Galleher denied these allegations of negligence on her part, and says that she was driving her Chevrolet coupé in a careful and prudent manner.

Miss Galleher testifies that she was going about 40 or 45 miles an hour until she came to the truck. The evidence is that the speed of the truck was not over 25 or 30 miles an hour, and she followed it for a ways, "I looked up the road to see that the road was clear and honked my horn and started around the truck."

While she was in the act of passing the truck, it suddenly turned and swerved to the left across the center line of the pavement and struck her automobile, causing the same to be knocked into the ditch along the south side of the highway.

The plaintiff charges that this court has held: "When separate, independent acts of negligence combine to produce a single injury, each defendant involved therein is responsible for the entire result, even though the negligent

act of any one of the defendants alone might not have caused the injury." *Zielinski v. Dolan,* 127 Neb. 153, 254 N. W. 695.

In *Koehn v. City of Hastings,* 114 Neb. 106, 206 N. W. 19, it is held: "If one suffers injury and damage as the proximate result of the negligence of two others, and the damage would not have occurred but for the negligence of each of such parties, both are liable to the person so injured."

In the case of *Mason v. Reynolds,* 135 Neb. 773, 284 N. W. 257, several of the Nebraska cases are reviewed, and there is a citation from 1 Cooley, Torts (3d ed.) 247, which says: "The weight of authority will, we think, support the more general proposition that, where the negligences of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concert action."

There is no dispute as to this principle of law governing injury caused by the combined negligence of two or more persons, as shown by these citations. However, to apply this principle to the facts in the case at bar, there must first be a preponderance of the evidence showing that each of the parties was guilty of some act of negligence as charged in the plaintiff's petition. The evidence does not support the complaint of driving at an excessive speed, as charged against Miss Galleher.

It is next alleged that she was negligent in striking the truck of the defendant Charles Fenton and knocking it into and upon the plaintiff, by which he was injured, but the evidence in the case at bar is to the effect that Miss Galleher was at all times on the south side of the middle line of the highway, and that the collision between her car and the truck occurred when the driver of the truck, suddenly and without any warning to her, came over several feet past the south line and collided with her car.

It was also charged by the plaintiff that Miss Galleher was guilty of negligence in failing to have seen the plaintiff beside the road in ample time to avoid striking the Dodge

truck and knocking it into the plaintiff. It was the testimony of Miss Galleher and Miss Becker that neither one of them saw the plaintiff's car parked to the north of the highway, or saw the plaintiff himself repairing his tire. If plaintiff had stopped his car on the pavement, and was working on the pavement as he repaired his car, there might be some merit to this charge, but the evidence appears to be that neither the plaintiff, while working on his car, nor his car projected upon the highway, and that the truck, if it had proceeded on its own side of the highway, could have passed the plaintiff with ample space without having gone over the center line of the highway.

At the close of the plaintiff's evidence counsel for Miss Galleher moved the court to direct a verdict in her favor, for the reason that the evidence was insufficient to sustain the plaintiff's cause of action against her, and for the reason that the evidence was insufficient to show that Lillian Galleher was guilty of negligence of any kind, or to show that any negligence on her part was the proximate cause of the accident.

"It is not sufficient that the negligence charged furnishes only a condition by which the injury is made possible, for if such condition causes an injury by the subsequent independent act of a third person, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury." *Steenbock v. Omaha Country Club,* 110 Neb. 794, 195 N. W. 117.

"Issues of negligence are questions for the jury only when the evidence is sufficient to sustain a finding of negligence." *Kelly v. Gagnon,* 121 Neb. 113, 236 N. W. 160.

"It is erroneous to submit a case to a jury and permit a jury to speculate with the rights of a litigant, when no question for the jury is involved." *Smith v. Epstein Realty Co.,* 133 Neb. 842, 277 N. W. 427.

If the facts proved establish the more reasonable probability of actionable negligence, the case cannot be withdrawn from the jury.

It is true that the question of ordinary negligence is one

of fact, but where the disputed evidence is such that only one inference can be drawn, then it is one of law for the court. *Nolan v. Young Men's Christian Ass'n,* 123 Neb. 549, 243 N. W. 639; *Chicago, B. & Q. R. Co. v. Winfrey,* 67 Neb. 13, 93 N. W. 526; *De Griselles v. Gans,* 116 Neb. 835, 219 N. W. 235; *Long v. Omaha & C. B. Street R. Co.,* 108 Neb. 342, 187 N. W. 930; *Chicago, B. & Q. R. Co. v. Landauer,* 36 Neb. 642, 54 N. W. 976.

In our opinion, the motion of Lillian Galleher for a directed verdict should have been sustained. It is therefore ordered that the judgment of the district court as to said defendant Lillian Galleher be reversed and the action dismissed.

REVERSED AND DISMISSED.

JOHNSEN, J., not participating.