PRAIRIE LIFE INSURANCE COMPANY, APPELLANT, V. MYRON
M. HEPTONSTALL ET AL., APPELLEES.

FILED MARCH 25, 1921. No. 21301.

1. **Appeal:** PLEADING: WITHDRAWAL OF COUNT. Where two causes
of action are stated in a petition and the second count depends
on proof of fraud pleaded in the first count, the withdrawal of
the second count from the jury may not be prejudicial to plain-
tiff, if a judgment on a verdict in favor of defendant on the first
count is free from error.

2. **Trial:** INSTRUCTIONS. Where the issues of fact raised by the
pleadings are correctly stated to the jury, the failure to give an
instruction defining plaintiff's theory of the case is not an error
in a record failing to disclose the tender of a proper instruction
of that kind.

3. **Appeal:** AFFIRMANCE. A judgment will not be reversed for harm-
less errors in giving or in refusing instructions or in rulings on
evidence.

4. **Trial:** MISCONDUCT OF COUNSEL: WAIVER. For the purpose of
hearing objections, making rulings and enforcing discipline, a
presiding judge who is momentarily absent from the bench with
the consent of the parties should be called back by an attorney
whose client's rights are being invaded by the misconduct of op-
posing counsel in addressing the jury, and a failure to pursue this
course and to make objections promptly may amount to a waiver
of the misconduct.

APPEAL from the district court for Douglas county: AR-
THUR C. WAKELEY, JUDGE. *Affirmed.*

*T. W. Blackburn,* for appellant.

*Montgomery, Hall & Young* and *Sutton, McKenzie, Cox
& Harris, contra.*

ROSE, J.

This is an action to recover damages in the sum of
$8,985.22 for alleged fraud perpetrated by defendants in
the sale of 500 shares of plaintiff's corporate stock at
$20 a share, or for $10,000. The purchasers of the stock
were E. W. Burch and J. A. Steinberger. They paid $300

in cash, and contend that the sum of $2,500 was not payable to plaintiff but to promoters for making the sale. Part of the consideration for the purchase was the note of the purchasers for $7,200 secured by a mortgage for that sum on 480 acres of land in Canada. Upon the organization of plaintiff as a corporation defendants became directors. Defendant Heptonstall was elected president and treasurer and served in those capacities. Defendant Tennant was elected secretary and served as such.

Plaintiff pleaded three causes of action. The first count is based on fraudulent representations by defendants respecting the value of the mortgaged land and the financial standing of the purchasers of the stock. The specific charges of fraud are that defendants falsely represented the value of the mortgaged land to be $30 an acre, or $14,400; that the purchasers were men of means and that their note would be good, if unsecured; that plaintiff would be permitted to retain, in addition to the mortgage, 500 shares of stock as collateral security for the payment of the purchase price. It is also charged that the members of plaintiff's board of directors were thus induced to instruct its secretary to complete the transactions with the purchasers, Burch and Steinberger. The claim on this count is $5,000.

The second cause of action includes the fraud pleaded in the first count and contains the charge that defendants converted to their own use 140 shares of plaintiff's stock, paying plaintiff only $300. On this count plaintiff demands $2,500 and interest, amounting in all to $3,275.

The third cause of action includes the fraud pleaded in the first and second counts, and contains a claim for taxes paid by plaintiff on the mortgaged land for four years beginning in 1914, the aggregate being $710.22.

The defenses may be summarized for the purposes of review as follows: Denial of fraud; good faith and full disclosure in all transactions; giving the note and the mortgage for $7,200 and paying $300 in cash in full payment of the 500 shares of stock, including the 143 shares alleged to have been converted by defendants, the remain-

Prairie Life Ins. Co. v. Heptonstall.

der of $2,500 being payable by the purchasers to a promoting company as commissions for making the sale; denial of pledge of stock as collateral security; payment of the note and satisfaction of the mortgage.

The trial court directed a verdict for defendants on the second cause of action, and instructed that they were also entitled to a finding on the third count unless the jury. should find in favor of plaintiff on the first count. The material issues.of fraud pleaded in the first count were submitted to the jury. On verdict in favor of defendants the action was dismissed, and plaintiff has appealed.

In one of the. assignments of error the instruction withdrawing from the jury the issues on the second count is challenged. This point does not seem to be well taken. The fraud pleaded in the first count was essential to a recovery in favor of plaintiff on the second. It follows that, if the issues of fraud in the first count are correctly determined against plaintiff, defendants are not liable for the conversion pleaded in the second count. This view applies also to the third count for taxes. The purchase price to which plaintiff was entitled was $7,500. Of this there was a payment of $300 in cash. For the remainder of $7,200 plaintiff accepted a note secured by mortgage. Later plaintiff accepted a deed to the mortgaged land, canceled the mortgage, and surrendered the note to the purchasers of the stock. The first count contains the plea that defendants fraudulently represented that the land was worth double the amount of the purchasers' obligations to plaintiff, or $14,400, and that the purchasers' note would be good, if unsecured. As the issues were formed, controverted by proofs on both sides, and determined, the verdict in favor of defendants, which is amply sustained by the evidence, seems to justify the conclusion that defendants did not perpetrate any fraud resulting in damage to plaintiff.

It is argued that there was error in the failure of the trial court to give an instruction defining plaintiff's theory of the case. The material issues of fraud charged in the first count were distinctly stated to the jury in a form not

to be misunderstood by the jury. There was a direct finding in favor of defendants on those issues. If plaintiff's theory of the case was not stated in the charge of the court, a satisfactory instruction in proper form should have been requested. Such an instruction, one that could have been given without error, has not been found in the transcript, and without it prejudicial error in this respect does not affirmatively appear in the record. This assignment of error is therefore overruled.

Complaints are also made of other rulings in giving and in refusing instructions and of rulings on evidence, but error prejudicial to plaintiff in these respects has not been found.

The serious question presented for review is misconduct of one of the attorneys for defendant Heptonstall in addressing the jury. Counsel went outside of the record, indulged in unworthy personalities in referring to opposing counsel, made statements having no foundation in the proofs, and thus abused his privileges as a member of the legal profession. The chief difficulty in basing a reversal on this ground arises from the failure of plaintiff to invoke the power of the court to stop the misconduct at its inception, to discipline the offender, and to direct the jury to disregard the reprehensible utterances. Failure to seek the protection of the court at the time is explained by the temporary absence of the presiding judge who was in an adjoining room. This, however, is not a sufficient justification. Counsel for plaintiff was not without responsibility. In the absence of a record showing the contrary, it will be presumed that the presiding judge was absent momentarily with the consent of all parties to the litigation. A mere call would have brought him to the bench instantly, where his duties called him, to make rulings and to enforce discipline. The misconduct could and should have been stopped at the beginning, and the responsibility of plaintiff for failure to act promptly cannot be ignored. Besides, counsel for plaintiff, at the outset, may have been willing to rely on his own skill, while making his reply, to

turn his opponent's misconduct to plaintiff's advantage. In addition, it is not certain that plaintiff was prejudiced. The trial had been in progress for nearly two weeks and the importance of the evidence adduced as the controlling factor in determining the issues would not escape the attention of the jury. In the instructions subsequently given it was made clear that the preponderance of the evidence should control the jury in making their findings. There is another feature of this inquiry to be considered. There were two defendants represented by different counsel. The jury were permitted to find either against or in favor of each defendant. The attorneys for defendant Tennant had no part in the misconduct. To hold him responsible for it and to reverse the judgment in his favor on that ground would be an injustice. The attack of plaintiff is directed against the judgment as a whole. When this assignment of error is considered from every standpoint, there does not seem to be a sufficient reason for reversal.

Not finding any reversible error in the record, the judgment is

AFFIRMED.

LETTON, J., not sitting.