LULA M. WENDELL, APPELLANT, v. WALTER B. ROBERTS ET AL., APPELLEES.

FILED DECEMBER 8, 1933. No. 28587.

*J. J. Krajicek,* for appellant.

*King & Haggart, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day and Paine, JJ., and Shepherd, District Judge.

Per Curiam.

Plaintiff brought this action to recover damages for an injury caused by a fall upon steps in the public entrance to an office building owned by defendant Roberts. The petition alleges that the plaintiff entered the Arthur building for the purpose of transacting business with one of its tenants and that while leaving the building she fell upon the steps, which fall was caused by the condition of the steps. At the close of plaintiff's testimony, the trial judge directed a verdict in favor of defendants. From this judgment the plaintiff appeals. The only assignment of error is that the direction of a verdict by the court was error.

The plaintiff's evidence to support her allegation was that the condition of the steps was such that "her heel caught and her foot slipped;" that she did not observe the condition of the steps at the time but did examine them more than two months later. There was no other eyewitness to the fall. There is a photograph of the steps which does not indicate a sufficiently defective condition at the point where the accident is alleged to have occurred to establish negligence of the owner. The point of contact is important. Conditions elsewhere do not matter. The plaintiff's husband examined the steps shortly after the accident and testified as to their condition. It was his opinion, not based on measurement, that where the step is cracked one side of the crack "sticks up just a little * * * probably one-eighth of an inch * * * maybe a little more." In *Thompson v. Young Men's Christian Ass'n,* 122 Neb. 843, a similar condition was presented to

this court except that there was a depression in the step, which depression was measured by an engineer who testified that it was 1/8 of an inch, the amount that the husband of the plaintiff estimated was the difference in the levels of the two parts of the cracked step in this case. It was held in that case that the plaintiff had knowledge of the condition, or that it was readily apparent to her, and assumed the danger which was so open and obvious that it could readily have been avoided by the exercise of ordinary care. It is true, as stated by appellant in her brief, that in the *Thompson* case there was an additional allegation that the steps were wet, but that does not change the rules there announced, relating to the permanent condition of the steps, which are applicable here.

The plaintiff herein also alleges that the step slanted downward to the outside and that as a result the plaintiff slipped off the step. There is no testimony sustaining this allegation.

The judgment of the trial court is

AFFIRMED.