ETTA ROGERS, APPELLEE, V. J. C. PENNEY COMPANY, APPELLANT.

FILED NOVEMBER 20, 1934. No. 29020.

*Deutsch & Young,* for appellant.

*Cowan & Grady* and *Hugh J. Boyle,* contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY and PAINE, JJ., and REDICK, District Judge.

DAY, J.

This is an action for damages by a married woman for personal injuries sustained from a fall down a stairway in defendant's store. Upon trial to jury a verdict of $2,500 was returned and judgment entered thereon. The defendant appeals.

The defendant, J. C. Penney Company, incorporated, operates a store at Neligh, Nebraska. On October 6, 1931, the plaintiff, Mrs. Rogers, entered the store as a customer. While looking at some dresses upon a rack, she fell down a stairway, suffering injuries, upon which this action is based. The plaintiff in her petition alleged that the defendant was negligent in a number of particulars, none of which related to the faulty construction or repair of the stairway. The allegation, which there is evidence to support, is that the stairway was hidden from view by dress racks and was dark so that it could not be seen by the plaintiff. The evidence is in conflict upon the questions of alleged negligence. The stairway in question led to the

basement which was not lighted and not used as a sales-room to which customers were invited.

A storekeeper is required to maintain his store in a reasonably safe condition for customers. The customer is an invitee, and the owner of a store must exercise reasonable care to keep the building reasonably safe for his use, but is not an insurer against accident. *Thompson v. Young Men's Christian Ass'n,* 122 Neb. 843; *Shorkey v. Great Atlantic & Pacific Tea Co.,* 259 Mich. 450; *Smith v. The Emporium Mercantile Co., Inc.,* 190 Minn. 294; *Evans v. Orttenburger,* 242 Mich. 57. A stairway is not unusual in a store and must necessarily be maintained to pass from floor to floor. In the instant case, the defendant was negligent in obscuring the stairway by placing racks of merchandise about the railing so that it would be seen only from one direction. The stairway was placed lengthwise of the store against the side wall. It was covered by racks of merchandise from the front and side and only visible from the rear where a view of it was partially obscured by a counter for display of millinery. In this obscurement of the open stairway, the defendant was negligent. A storekeeper who places racks of merchandise about a railing around a stairway to a basement so as to obstruct view of customers is negligent.

The plaintiff also charged that the stairway was dark in addition to the obscurement. The evidence upon this question is in conflict, but is amply sufficient to require submission to the jury. The basement was dark, and the testimony of the plaintiff and another witness is that it was a dark hole. The plaintiff at the time of the accident was walking around a rack, set close to the railing of the stairway, looking at dresses hanging thereto. The absence of light, the shadows cast by the racks of merchandise next to the railing, the darkness of the rear of the store added greatly to the obscurement of the stairway. The defendant relies mostly upon the physical facts as to lights and a skylight to rebut the testimony of plaintiff in this respect. If the jury believed, as the evidence would justify

them in finding, the conditions as described by the plaintiff's witnesses, "It was," as the court said in *Lehman v. Amsterdam Coffee Co.,* 146 Wis. 213, "a trap or snare of whose existence under the circumstances the rules of ordinary care would require that an invited person be warned." See, also, *Reese v. Abeles,* 100 Kan. 518; *Cheifetz v. Hills,* 148 N. Y. Supp. 103.

The rule is well stated in 45 C. J. 866, as follows: "It is not ordinarily negligence to maintain an open stairway entrance without guarding it where the place is well lighted. However, a stairway may be so located that it may be negligence to fail to guard it, or the opening may be so darkened or obscured as to require a notice or warning." When we apply the rule of the authorities to the facts in the instant case, it is: A storekeeper who does not guard a customer from a darkened or obscured stairway does not exercise reasonable care for the safety of his customers. *Hudson v. F. W. Woolworth Co.,* 275 Mass. 469; *Kiser v. Skelly Oil Co.,* 136 Kan. 812.

As heretofore stated, this case does not involve a defect in construction or a defect caused by use. The negligence in this case involved the use of a properly constructed building in good repair. In such a case, the rule announced by this court in *Broadston v. Beddeo Clothing Co.,* 104 Neb. 604, and *Thompson v. Young Men's Christian Ass'n,* 122 Neb. 843, is not applicable here. The rule relative to the negligence alleged here is stated in 45 C. J. 653: "Knowledge of the defect or danger is not a necessary element of negligence where the act or omission, in and of itself, involves a violation of a duty * * * or where the negligent act or omission of the owner of the premises created the dangerous condition." Where, as here, the act or omission of a storekeeper, who violates a duty to a customer, creates the dangerous condition, knowledge is not a necessary element of negligence.

The instructions of the trial court to the jury will next engage our attention. The appellant challenges the correctness of various instructions. The instruction on the

doctrine of comparative negligence is particularly questioned in view of our opinion in *Sgroi v. Yellow Cab & Baggage Co.*, 124 Neb. 525. The briefs in this case were prepared prior to our decision in *Patterson v. Kerr*, 127 Neb. 73, which announces the rule applicable here, that the giving of this instruction is not reversible error. Other instructions are criticized for highly technical reasons, but the instructions taken as a whole are correct statements of the law. Instructions must be read and construed together to determine if they are prejudicially erroneous. *In re Estate of Lyell*, 116 Neb. 827. Further, it does not appear that the defendant was prejudiced by any instruction even if technically incorrect as he contends here.

The appellant contends that the conduct of the appellee's attorney in the argument of the case was such as to require a reversal of the judgment. This feature of the case is presented to this court by affidavits in the bill of exceptions. There was no record made at the time, but after judgment the affidavits were filed in support of the motion for new trial. The trial judge was momentarily absent from the bench in an adjoining room engaged in the preparation of instructions. During the argument of plaintiff's attorney to the jury, attorney for defendant called the trial judge into the courtroom and objection was made to the argument. There is no record in the bill of exceptions either of the argument or the objections or the ruling of the court. Failure to call back the trial judge momentarily absent from the bench may amount to waiver of misconduct, if any, of opposing counsel. *Prairie Life Ins. Co. v. Heptonstall*, 105 Neb. 829. In this case, it seems the trial judge was called back, some objection made to the argument, and overruled by the trial judge. The only presentation here is by affidavits of the attorneys for the parties as to the occurrence offered on the motion for new trial. These affidavits are in conflict as to the essential facts relative to this matter. The issue was one of fact for the trial judge. *Banta v. McChesney, ante,* p. 764. He passed upon the facts therein when he ruled upon the

motion for new trial. He was in a position to know what occurred at the trial as well as the attorneys. Where objection is made to argument of counsel and no record is preserved in the bill of exceptions, except conflicting affidavits filed in support of motion for new trial, the ruling of the trial court will be presumed to be correct. For analogous cases see *Hazelet v. Holt County*, 51 Neb. 724; and *German Nat. Bank v. Farmers & Merchants Bank*, 54 Neb. 593.

But the appellant argues that the temporary absence of the trial judge from the bench in an adjoining room during the trial was reversible error. In *Powers v. State*, 75 Neb. 226, we held: "It is error for the judge to absent himself from the courtroom, out of the sight and hearing of the parties, during the argument of a case, unless by consent and agreement of the parties." In this case, it does not appear that the trial judge was out of sight and hearing of the proceedings in the courtroom. He was in an adjoining room and was apparently available when requested. He assumed the bench and overruled objections made to the argument of counsel. It is said he was not absent with the consent of appellant's attorney. However, he left with the knowledge of said attorney who interposed no objection. In the interest of expediting jury trials, judges sometimes retire to an adjacent room to prepare instructions with consent of the parties. This should not be done except upon urgent necessity and when agreeable to counsel. This case was tried by experienced lawyers before a learned trial judge of experience, all of whom were familiar with the practice. It is not assuming a violent presumption to infer that the absence of the trial judge was agreeable to all parties at the time and that their conduct was such as to amount to substantial agreement to the procedure. It is not claimed that any objection was made by any one. No prejudice appears in this respect. Anyhow, where a trial judge is temporarily absent in a room adjacent to the courtroom during argument of counsel to the jury, without objection by the

parties, and returns promptly for the purpose of hearing objections and making rulings, a judgment will not be reversed therefor, unless the record affirmatively demonstrates that the error was prejudicial. *Shaffer v. State,* 124 Neb. 7, 10.

Lastly, the verdict does not seem to be excessive. The plaintiff sustained serious injuries from the fall, and, although no bones were fractured, she was not recovered at the time of the trial 18 months after accident. It did not seem excessive to the trial judge who saw the plaintiff and heard her and her witnesses testify. In this respect, as well as the other numerous assignments of error, we find no prejudicial error requiring reversal of the judgment.

AFFIRMED.