KITTYE GLENN, APPELLEE, V. W. T. GRANT COMPANY, APPELLANT.

FILED MAY 24, 1935. No. 29226.

*Brown, Fitch & West,* for appellant.

*Fried & Mars, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

EBERLY, J.

This is an appeal from a judgment of the district court for Douglas county. In the court below plaintiff, Glenn, sued the defendant, W. T. Grant Company, for personal injuries sustained by her when, as she alleged, she slipped upon an excessively and improperly oiled basement floor in the defendant's store on the morning of March 4, 1933. In its pleading defendant put in issue plaintiff's allegations and, in addition, pleaded contributory negligence on part of plaintiff. A trial to a jury resulted in a verdict and judgment for plaintiff, and from the order of the trial court overruling its motion for a new trial, defendant appeals.

In this court appellant does not question either the nature of the injuries suffered by appellee, nor the amount of damages allowed by the jury. It here presents only the question of its liability, challenges the sufficiency of the evidence, and the correctness of certain instructions given or refused by the trial court.

There is no question but what Mrs. Glenn entered the store of defendant on the forenoon of the day of the accident as a customer. She testifies: "I was going to the bird department; the bird department is across the west end of the wall; and as I neared the pet department, and I was on the north side of the yard-goods department, my foot skidded in the oil and I turned my ankle, and I caught myself, I did not fall clear down, I caught myself with my arm on this counter." Further, she noticed a skid mark of her heel on the floor, and this mark was "just like anything that has slid in oil or anything like that; it is just a mark that my heel had made," and was maybe "eight or ten inches long." The undisputed evidence is that this floor had been oiled by the servants of defendant company under the directions of the managing officer of the appellant. The dangerous condition of such floor, if such there was, was produced by the acts of the defendant company.

One of defendant's employees, who was working in the "pet department" at the time of the accident, testified in behalf of Mrs. Glenn, substantially as follows: That this floor was first oiled around the first of March, 1933; that after it had been oiled this floor presented "the appearance of being oiled, in that it was dull looking, and you could see in between the cracks that they were either filled with oil or dirt." Further, she was present when Mrs. Glenn fell, and observed the skid mark about a foot in length where Mrs. Glenn fell; that toward the last part of the week (during which Mrs. Glenn's fall occurred) she first noticed that this floor had these dark spots and pools of oil on it; and it was the last part of this week that Mrs. Glenn fell; also, that the janitor did not sweep the basement on the day of the accident until in the evening.

We are committed to the view that the proprietor of a store is not an insurer against accidents to customers, but is bound to exercise reasonable care and prudence to keep the premises, which the public is tacitly invited to use, safe for that purpose. *Broadston v. Beddeo Clothing Co.*, 104 Neb. 604; *Thompson v. Young Men's Christian Ass'n*, 122 Neb. 843.

It may also be conceded that the mere fact that an invitee falls on the floor of a salesroom or store does not of itself raise a presumption of negligence on part of the owner. But, on the other hand, what constitutes due care of an inviter is always determined by the circumstances and conditions surrounding the transaction under consideration.

In *Thompson v. Young Men's Christian Ass'n*, 122 Neb. 843, and *Wendell v. Roberts*, 125 Neb. 619, the dangerous conditions which were charged as having caused the accidents involved were situated, not within the buildings, but without. The exercise of due care under the circumstances detailed in each of the cases last referred to necessarily approximated the due care of a pedestrian on a public street. Indeed, it must be conceded that a substantial difference exists between such a situation and one in which the accident occurs within a building or salesroom, as the custo-

mer, invitee, in proper pursuit of his business, passes along aisles, between counters, surrounded by merchandise displayed and designed by the proprietor to attract and hold his attention. Under such surroundings, reason suggests that the proprietor's invitee might not be required to exercise the same or an equal degree of care to avoid obstacles to safety as would be required of the pedestrian upon the open street. It would seem that, under conditions in a salesroom, such as above outlined, the customer might properly assume that the floor, then open to the general public, was reasonably safe to walk upon and over, and not in a dangerous condition. At least, in so treating it, the customer would not necessarily be guilty of contributory negligence as a matter of law. *Robinson v. F. W. Woolworth Co.*, 80 Mont. 431.

It also appears that in each of the four Nebraska cases cited by defendant, and herein referred to, the defendant had no knowledge, actual or implied, of the dangerous conditions claimed to exist. In fact, all the evidence was to the contrary. In the instant case, the defendant itself, and no one else, created the condition of which the plaintiff complains.

In the case at bar, on the question of actionable negligence involved, the cases cited by appellant afford but little light. In *Broadston v. Beddeo Clothing Co.*, 104 Neb. 604, the plaintiff caught her heel in a carpet. There is no evidence that the carpet was defective before the accident, or that the defendant had knowledge of any such condition. All the positive evidence on the subject was to the effect that there was no such defect. In *Thompson v. Young Men's Christian Ass'n*, 122 Neb. 843, the plaintiff slipped on a wet, outside step, but failed to show that defendant caused the condition or had notice, actual or implied, thereof. In *Sokolof v. First Nat. Bank*, 122 Neb. 892, plaintiff slipped on some soap, but there was no evidence that the defendant bank caused any soap to be placed on the floor, or that the defendant had any knowledge of it. In *Wendell v. Roberts*, 125 Neb. 619, the controlling fact was that the condition of the steps complained of was not

shown by plaintiff to have been the proximate cause of the accident.

In the instant case, the conditions complained of were created by the defendant, and the evidence in the record, if believed, justifies the determination that such conditions were the proximate cause of plaintiff's injuries; also that contributory negligence on part of plaintiff was not proved. The facts of the instant case distinguish it from the cases upon which the appellant relies, and bring it fairly within the doctrine of actionable negligence, supported by the following authorities: *Isaac Benesch & Sons v. Ferkler,* 153 Md. 680; *Robinson v. F. W. Woolworth Co.,* 80 Mont. 431; *Bradford v. F. W. Woolworth Co.,* 141 S. Car. 453; *Smith v. S. S. Kresge Co.,* 116 Conn. 706; *F. W. Woolworth Co. v. Saxton,* 39 Ohio App. 118; *Parker v. Great Atlantic & Pacific Tea Co.,* 201 N. Car. 691; *S. H. Kress & Co. v. Dyer,* 49 S. W. (2d) (Tex. Civ. App.) 986; *Hall v. Great Atlantic & Pacific Tea Co.,* 115 Conn. 698; *Randolph v. Great Atlantic & Pacific Tea Co.,* 2 Fed. Supp. 462; *Kroger Grocery & Baking Co. v. Monroe,* 237 Ky. 60.

We have carefully examined the instructions of which appellant complains, in the light of the other instructions given by the trial court, and also in the light of the evidence in the record. We find that in this regard no substantial error was committed by the district court.

Therefore, this case was properly determined in the trial court, and its judgment is

AFFIRMED.