ETHEL G. SMITH, APPELLANT, V. EPSTEIN REALTY COM-
PANY ET AL., APPELLEES.
277 N. W. 427

FILED JANUARY 27, 1938. No. 30128.

*Leigh & Krajicek* and *Henry J. Beal,* for appellant.

*Kennedy, Holland, De Lacy & Svoboda, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and
MESSMORE, JJ., and YEAGER, District Judge.

PAINE, J.

This is an action for personal injuries sustained in a
fall down a stairway. Defendants alleged the accident was
due to the negligence of the plaintiff. At the close of plain-
tiff's evidence the court sustained motion for directed ver-
dict. The jury were thereupon discharged and the cause
dismissed.

This action was brought by the plaintiff, Ethel G. Smith,
to recover damages for personal injuries sustained by her
as a result of a fall down a stairway in a building facing
west, located at 4821 South Twenty-fourth street, in the
city of Omaha, Nebraska, at noon on May 4, 1935. The
defendant Epstein Theatres Corporation owned the build-
ing, and leased the basement to the defendant Einsel W.
Brackay, who had conducted a pool and billiard parlor.

The storeroom on the street floor was leased to the Safeway Stores, Incorporated, who operated a retail grocery store there under the trade-name of Piggly Wiggly. The entrance to the Piggly Wiggly was by a door flush with the sidewalk, located near the north end of the store. At the south end of the store there was a recessed space about six or seven feet back from the sidewalk, which led to two doors. The north one, next to the display window of the Piggly Wiggly, led to the billiard parlor down 16 steps; the adjoining door led upstairs to law offices and other rooms. There was no entrance to the Piggly Wiggly store from this recessed portion of the sidewalk.

Among the acts of negligence, it is alleged that this recessed space back from the sidewalk was poorly lighted and negligently constructed by the owner; that the attractive display window constituted a nuisance and a danger, which invited the public to view the same; that there were no warning signs; that the stairway led to the basement, which entrance was unguarded. However, up and down the frame, or casing, of the door is painted in large letters the word "Billiards."

The plaintiff claims to have made some purchases in the Piggly Wiggly store, leaving them there while she went to a bakery in the block to the south for bread. She returned and stepped into this recessed place, looking at the show-window, and opened the screen door leading down into the billiard hall, and fell down the stairs, thinking she was going into the grocery store, the entrance of which was near the north end of the store and on the sidewalk line. Plaintiff claims to have suffered a sprained ankle and bruises on the hip, shoulder, and chest wall, also a shock to her nervous system, which permanently injured her health. However, after the accident she went back to the store and got the groceries.

Upon cross-examination plaintiff seemed a little uncertain whether she might have bought the groceries in the Hinky-Dinky store, which was the second door north of the Piggly Wiggly, and the entrance to which was a re-

cessed opening back from the sidewalk. At any rate, she testified this was the only time she had been in the Piggly Wiggly store.

The defendants' motion for a directed verdict must be treated as an admission of the truth of all material and relevant evidence admitted favorable to the plaintiff and all inferences deducible therefrom. *LaFleur v. Poesch,* 126 Neb. 263, 252 N. W. 902; *Melson v. Turner,* 125 Neb. 603, 251 N. W. 172.

If from the entire evidence different minds may draw different conclusions, it is error on the part of the trial court to direct a verdict. *Rhoads v. Columbia Fire Underwriters Agency,* 128 Neb. 710, 260 N. W. 174.

The question arises, is there competent evidence from which the plaintiff's allegations may reasonably be inferred?

As to the owner of the building, it has been held by this court that the full duty of an owner of a building extends no further than to use reasonable care and prudence in keeping his building safe for persons rightfully entering it or passing by it. *Knies v. Lang,* 116 Neb. 387, 217 N. W. 615, 57 A. L. R. 1022.

The law does not forbid business to be conducted in basement rooms. The recess was lighted by sunlight at noonday. The door opened outward, so that plaintiff was compelled to step back, and could scarcely fail to see the word "Billiards," in large letters, painted on the white door-jamb. In addition to that, just below the glass on the show-window to which plaintiff was attracted was a large wooden sign, reading "Billiard Parlors," which could be read from across the street. We cannot find in the facts established that the owner of the building was negligent in its construction, or that the proprietor of the billiard parlor was negligent in the manner in which this doorway was maintained.

Now we will consider the liability of the defendant Safeway Stores, Inc. If this plaintiff went in the store and bought groceries there, she would be an invitee, but

if she had fallen into the basement inside of such store while buying goods, that fact would not of itself raise a presumption of negligence, but all the facts would be submitted to a jury and the jury would be instructed that the storekeeper is not an insurer of the safety of the customer, but must exercise reasonable and ordinary care and prudence under all the facts and circumstances. However, in the case at bar plaintiff had left the store and gone a block away to shop at another store. Upon her return, and while still quite a distance away from the door leading into the store, she stepped back into a recess from the sidewalk and opened a door, and fell down a stairway leading to a billiard parlor in the basement. She had not reentered the premises of the Safeway Stores, Inc., and was about 40 feet therefrom when the accident occurred. It is attempted to fasten liability upon this defendant for the accident because the store had a display in the window which caused her to step back into the recess. Since when has it become negligence for a storekeeper to fill his windows with fresh stock so attractively displayed as to cause women to pause and examine it? We fail to find the allegations of negligence against the owner of the Piggly Wiggly store supported by sufficient evidence to require the submission of that question to the jury. *Glenn v. W. T. Grant Co.*, 129 Neb. 173, 260 N. W. 811; *Rogers v. J. C. Penney Co.*, 127 Neb. 885, 257 N. W. 252; *Broadston v. Beddeo Clothing Co.*, 104 Neb. 604, 178 N. W. 190; *Kresge Co. v. Fader*, 116 Ohio St. 718, 158 N. E. 174, 58 A. L. R. 132; *Blodgett v. B. H. Dyas Co.*, 4 Cal. (2d) 511, 50 Pac. (2d) 801; *Collins v. Sprague's Benson Pharmacy*, 124 Neb. 210, 245 N. W. 602; *Woolworth Co. v. Conboy*, 170 Fed. 934, 23 L. R. A. n. s. 743; *Dickson v. Emporium Mercantile Co., Inc.*, 193 Minn. 629, 259 N. W. 375. See annotations 33 A. L. R. 181, 43 A. L. R. 866, 46 A. L. R. 1111, 58 A. L. R. 136, and 100 A. L. R. 710.

In a very similar case which came before the Alabama court some 20 years ago, it was said: "She is shown not to have exercised the slightest degree of care to ascertain

what was beyond the door which separated the vestibule from the floor to the main office. Her own evidence shows that this door was shut, that she herself opened it, and stepped or walked right through as if the floors were on a level, and fell down the steps in consequence of her own negligence, in failing to ascertain whether or not there were steps or stairs connecting the two floors." *Hertz v. Advertiser Co.*, 201 Ala. 416, 78 So. 794, L. R. A. 1918F, 137.

It may be admitted that under the Constitution the right of trial by jury is guaranteed to all citizens. This right cannot be violated by a legislative act, or by judgment of the court, yet not all cases must be submitted to a jury. It is just as erroneous to submit a case to a jury, and permit the jury to speculate with the rights of a litigant, when no question for the jury is involved, as it is to deny to a citizen his trial by jury when he has that right. *J. C. Penney Co. v. Robison*, 128 Ohio St. 626, 193 N. E. 401, 100 A. L. R. 705.

The trial court could not escape the necessity of directing a verdict for the defendant in the case at bar. If he had allowed the case to go to the jury, and a verdict had been returned for the plaintiff, then he would have been compelled to set it aside on the motion for a new trial because of the failure of the plaintiff to prove actionable negligence.

Finding no prejudicial error in the record, the judgment is hereby

AFFIRMED.