MARY BROWN, APPELLEE, V. EVERETT SLACK, DOING BUSINESS AS SLACK'S GROCERY, APPELLANT.

65 N. W. 2d 382

Filed July 23, 1954. No. 33540.

*Baskins & Baskins,* for appellant.

*Maupin & Dent,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Mary Brown brought this action in the district court for Lincoln County against Everett Slack, doing business as Slack's Grocery. The purpose of the action is to recover for damages she allegedly suffered from injuries which she claims she received as a result of a fall while shopping in defendant's place of business, which fall, she alleges, was caused by certain negligent acts of defendant as in her petition set forth. Trial was had on November 9, 10, and 11, 1953. At the close of all the evidence, after the parties had rested, the defendant moved for a dismissal. This motion the court sustained, giving as its reason for doing so that the plaintiff was guilty of contributory negligence which, as a matter of law, was sufficient to defeat her right to recover. Thereafter plaintiff filed a motion for new trial. This motion the court sustained. It is from the court's ruling thereon that the defendant took this appeal.

Since the record must be considered in the light of the appellant's motion for dismissal, which motion has the same legal effect as a motion for a directed verdict, the following applies:

" 'A motion for a directed verdict must, for the pur-

pose of a decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and said party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the facts in evidence.' Moncrief v. Interstate Transit Lines, 129 Neb. 168, 261 N. W. 163." Rankin v. J. L. Brandeis & Sons, 135 Neb. 86, 280 N. W. 260. See, also, Bowerman v. Greenberg, 142 Neb. 721, 7 N. W. 2d 711.

Appellant, at all times herein material, owned and operated a grocery store at 408 South Dewey Street in North Platte, Nebraska. It fronts east on South Dewey Street. In the northeast corner of this store, facing south, was a refrigerator display case for the self service of customers. In one end thereof appellant displayed milk and in the other end vegetables. We shall herein refer to this refrigerated display case as the refrigerator.

On the evening of Wednesday, April 23, 1952, because milk had spilled therein, appellant decided to clean this refrigerator. To accomplish that purpose he moved it about 2 feet away from the north wall against which it was standing. The refrigerator is about 8 feet long, $3\frac{1}{2}$ to 4 feet wide, and slopes from the back toward the front. The top consists of two sliding glass doors with one fitting over the other. This permits customers to shove either door back and serve themselves. The height of the front or back of the refrigerator is not shown.

Appellant, his wife Dorothy Helen, his son Wesley, about 15 years of age, and his son-in-law Walter Splinter, all assisted in the cleaning. Before starting the work a "Closed" sign, 10 by 12 inches in size, was hung on the outer door but the door was not locked. All the contents of the refrigerator were taken out, including four racks used for holding milk. These racks are made of rods and heavy wire, being $33\frac{1}{4}$ inches long, 12 inches wide, and $3\frac{1}{2}$ inches high.

Sometime between 7 and 8 p. m. that evening, while the work of cleaning the refrigerator was in progress, appellee, who lived east across the street at 411 South Dewey, came to the store to get some bread and milk. She testified she did not see the "Closed" sign and, finding the door unlocked, went on into the store. Appellee had been a customer of this store for some 36 years and was familiar with the arrangements of the fixtures therein. What happened after she entered the store, as hereinafter set forth, is her version thereof which, under the situation here presented, she is entitled to have considered established for the purpose of our consideration of the questions involved.

Appellee, who was 74 years of age at the time of the accident, testifies that after she entered the store she took 2 or 3 steps and then turned to the north, or her right, to go to the refrigerator to get some milk; that as she did so appellant's wife was standing near the east end and close to the refrigerator; that Wesley, the son, was standing near a cookie display rack located just south and west of the refrigerator; that she walked toward the center of the refrigerator and approached within about a foot of it; that as she did so she looked for milk; that, not observing any milk, she turned her head toward appellant's wife and asked, "Where is the milk?"; that as she did so she started toward the west to look for milk, stepping off with her left foot; that her left foot caught in the side of a milk rack which had been left lying on the floor in the aisle right close to and in front of the refrigerator; that as a result of catching her foot therein she fell; that as she fell she caught her right hand and arm in the open top of the refrigerator and arrested her fall somewhat but not completely; that her left knee hit the tray and her body hit the floor; and that she received the injuries complained of as a result thereof. After her fall appellee completed her mission and then returned to her home across the street.

We shall not discuss the injuries received, or the extent thereof, as they are not material to a discussion of the questions herein involved.

" 'In an action for negligence, the burden is on the plaintiff to show that there was a negligent act or omission by the defendant and that it was the proximate cause of plaintiff's injury or a cause which proximately contributed to it.' Miller v. Abel Construction Co., 140 Neb. 482, 300 N. W. 405." Bowerman v. Greenberg, *supra.*

"A person who enters a retail store for the purpose of making a purchase is an invited guest within the legal meaning of that term." Taylor v. J. M. McDonald Co., 156 Neb. 437, 56 N. W. 2d 610.

"The term 'invitee' is more fully defined as a person who goes on the premises of another in answer to the express or implied invitation of the owner or occupant on the business of the owner or occupant or for their mutual advantage, * * *." 65 C. J. S., Negligence, § 43, p. 508.

"The customer is a business visitor thereon, unless the owner exercises reasonable care to apprise him that the area of invitation is more narrowly restricted." Malolepszy v. Central Market, 143 Neb. 356, 9 N. W. 2d 474.

The evidence shows the appellant put a "Closed" sign on the door of his store before he started cleaning the refrigerator although appellee says she did not see it. However, he did not cause the door to be locked and when appellee entered she was dealt with as a customer and was sold what she asked to buy. Under these facts we think she was, without question, a customer and an invitee for that purpose.

In this regard we have often said: "The owner of such a store is required to maintain it in a reasonably safe condition for customers. A customer is an invitee and the owner must exercise reasonable care to keep the building reasonably safe for his use, but the owner is

not an insurer against accident." Taylor v. J. M. Mc-Donald Co., *supra*. See, also, Glenn v. Grant Co., 129 Neb. 173, 260 N. W. 811; Rankin v. J. L. Brandeis & Sons, *supra*; Rogers v. Penney Co., 127 Neb. 885, 257 N. W. 252; Bowerman v. Greenberg, *supra;* 65 C. J. S., Negligence, § 45, p. 521.

What constitutes due care of an inviter is always determined by the circumstances and conditions surrounding the transaction under consideration. Glenn v. Grant Co., *supra;* Rankin v. J. L. Brandeis & Sons, *supra.*

As stated in Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388: "This rule, * * * includes * * * the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation." It then goes on to state: "In determining whether such care has been exercised, it is proper to consider the uses and purposes for which the property in question is primarily intended."

"The rule is that, where different minds may reasonably draw different conclusions from the evidence as to whether or not they establish negligence, the issues are for the jury." Taylor v. J. M. McDonald Co., *supra.*

Where the act or omission of a storekeeper, who violates a duty to a customer, creates the dangerous condition, knowledge is not a necessary element of the negligence. Rogers v. Penney Co., *supra.*

In the instant case the condition complained of was created by appellant. The evidence in the record, if believed by a jury, establishes the existence of a dangerous condition and would justify its determining that such condition was the proximate cause of appellee's injuries. We think it presents a question for a jury.

We come then to the duty of appellee, an invitee. Appellee testified that before she started to walk west, immediately preceding her fall, she did not look to see where she was walking although she also testified she

looked to see where she was stepping and did not see any rack on the floor.

The question here presented has been answered by this court by the following from Glenn v. Grant, *supra*: "* * * the customer, invitee, in proper pursuit of his business, passes along aisles, between counters, surrounded by merchandise displayed and designed by the proprietor to attract and hold his attention. Under such surroundings, reason suggests that the proprietor's invitee might not be required to exercise the same or an equal degree of care to avoid obstacles to safety as would be required of the pedestrian upon the open street. It would seem that, under conditions in a salesroom, such as above outlined, the customer might properly assume that the floor, then open to the general public, was reasonably safe to walk upon and over, and not in a dangerous condition. At least, in so treating it, the customer would not necessarily be guilty of contributory negligence as a matter of law. Robinson v. F. W. Woolworth Co., 80 Mont. 431." See, also, Surface v. Safeway Stores, 169 F. 2d 937.

As a general proposition a customer, while trading in a self-service retail store, has the right to rely upon the safety of passage along passageways used by customers. Such is the holding of this court and of courts generally. See cases cited in 162 A. L. R. commencing at page 960 and in 26 A. L. R. 2d at page 693. As stated in the latter citation at page 693: "The contention of the storekeeper that the customer was contributorily negligent as a matter of law has been overruled in the majority of the cases dealing with projections into aisles and passageways of stores, and upheld in a few cases."

As stated in Casciaro v. Great Atlantic & Pacific Tea Co., 238 Mo. App. 361, 183 S. W. 2d 833: "Therefore, customers in searching for merchandise would necessarily be required to pay close attention to the shelves where the merchandise was displayed, and would not ordinarily be expected to watch the floor and each step

taken in the aisles furnished by the defendant for the use of its customers."

Also in Ralph v. MacMarr Stores, 103 Mont. 421, 62 P. 2d 1285: " '* * * A customer in a store is not bound to use the same degree of care to avoid obstacles to safety as is a pedestrian on a sidewalk; he is entitled to assume the premises are reasonably safe; and the question of plaintiff's due care was one for the jury.' (Robinson v. F. W. Woolworth Co., 80 Mont. 431, 261 P. 253.)"

We think the record presents a case for a jury both as to the question of appellant's negligence and appellee's contributory negligence. In view thereof the trial court was correct in granting the appellee a new trial.

AFFIRMED.