HERMAN E. HANSEN, APPELLANT, V. DON HENSHAW, APPELLEE.

79 N. W. 2d 15

Filed November 2, 1956. No. 33996.

Leamer & Graham, for appellant.

Sherman W. McKinley, Jr., and Shull, Marshall, Mayne, Marks & Vizintos, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages for personal injuries which was commenced by Herman E. Hansen, plaintiff and appellant, against Don Henshaw, defendant and appellee, in the district court for Dakota County, Nebraska.

The action was tried to a jury. A verdict was returned in favor of the plaintiff for $2,150. At the close of plaintiff's evidence and again at the close of all of the evidence the defendant moved for a directed verdict in his favor on the ground, among others, that the evidence of the plaintiff failed to sustain any charge of negligence against the defendant. These motions were overruled.

After the verdict was returned the defendant duly filed a motion for judgment notwithstanding the verdict. A motion for new trial was also filed but for reasons which will become apparent it requires no consideration herein.

The motion for judgment notwithstanding the verdict was sustained. From the ruling on this motion and the judgment rendered pursuant thereto the plaintiff has appealed. There is but one assignment of error, as follows: "The Court erred in entering judgment notwithstanding the verdict."

By the appeal but one question is presented for review, namely, that of whether or not there was evidence which would sustain the charge of negligence against the defendant.

By his petition the plaintiff pleaded substantially that on November 22, 1953, as an invitee he entered into an enclosed motor truck in which the defendant had stored merchandise some of which plaintiff purchased, and that due to the negligent and defective condition of the truck while plaintiff was an invitee he was caused to

be tripped in consequence of which he fell out of the truck and was injured and damaged.

The specifications of negligence to which attention is required are in substance the following: The defendant failed to give plaintiff any warning of the dangerous condition of the floor of the truck; the defendant was negligent in maintaining the truck in a defective and dangerous condition; the defendant failed to have the truck floor properly lighted; and the defendant was negligent in allowing plaintiff to be in the truck in its defective condition. There are three other specifications but consideration of them is not here required. One is in essence the same as one of those set forth and the other two relate to failure to provide warning signs and safety devices. There was no evidentiary basis at all for the submission of these specifications for consideration by the jury.

The evidence discloses that on the day in question the defendant was in possession of a semitrailer which was of about the length of 24 feet with an interior width of about 8 feet. It was entirely enclosed. It had doors on the rear end of the width of the truck. On the interior the defendant had placed or stored along the sides articles of merchandise among which were apples in cardboard containers and baskets and potatoes in bags. There was a passageway along the center. The doors were open and the vehicle was well lighted.

The plaintiff came to the vehicle where he encountered the defendant. His purpose, which he communicated to the defendant, was to purchase apples. In order to find the apples the defendant entered the vehicle and was followed by the plaintiff. The plaintiff says that he was invited to enter, and this will be assumed to be true. The plaintiff purchased a box of apples and a bag of potatoes. After plaintiff had selected the apples and potatoes he turned to leave and was precipitated to the ground on the outside.

The only evidence as to the cause of the fall was

furnished by the plaintiff. The direct examination in his case-in-chief discloses the following: "Q What did you do? A As he was bringing the sack of potatoes back I turned around and started to turn to get out of the truck and caught my toe under a strip of iron in the bottom of the truck, tripped me, threw me off balance and threw me out of the back end of the truck." "Q And what happened to you as you turned? A Well, my toe caught on something there, the toe of the shoe over the top of the sole, and it tripped me as I went to turn and step. Q Do you know what your toe caught under? A No, I never investigated to see what it was. Q Did you ever go back and look in the truck again? A I never did."

In his cross-examination the following appears: "Q As I understand it you don't know just exactly what your foot caught on, do you? A No, I couldn't tell, I didn't look at the object that caught my toe. Q And you didn't look around afterward? A No, I had so much pain in my knee I couldn't look at anything at that time."

The following appears in rebuttal testimony given by the plaintiff: "Q And at that moment you turned and went out the truck? A Yes, I turned and caught my toe on a strip of iron or something and tripped me and threw me off balance and threw me out the back of the truck."

It is obvious that, although the plaintiff in the first instance testified that he tripped on a strip of iron, there is no evidence of plaintiff from which a reasonable inference may be drawn as to the cause of tripping and the fall. On three subsequent occasions he unquestionably negatived any knowledge as to what caused him to trip and fall.

The defendant testified positively that the floor of the vehicle was smooth and effectually that there was no strip of iron on which the plaintiff could have tripped.

It must be said therefore that the record leaves the cause of plaintiff's fall altogether within the realm of

speculation and conjecture. It must be said to be insufficient to sustain a verdict in favor of the plaintiff.

In the recent case of Brown v. Slack, 159 Neb. 142, 65 N. W. 2d 382, wherein a number of decisions were reviewed dealing with the duties and obligations of an inviter to an invitee, this court announced certain controlling principles. One of them is the following: "In an action for negligence the burden is on the plaintiff to show that there was a negligent act or omission by the defendant and that it was the proximate cause of plaintiff's injury or a cause which proximately contributed to it."

In Rocha v. Payne, 108 Neb. 246, 187 N. W. 804, it was said: "Negligence is a question of fact and may be proved by circumstantial evidence. All that the law requires is that the facts and circumstances proved, together with the inferences that may be legitimately drawn from them, shall indicate, with reasonable certainty, the negligent act complained of." See, also, Leon v. Kitchen Bros. Hotel Co., 134 Neb. 137, 277 N. W. 823, 115 A. L. R. 1078; Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501.

As pointed out negligence may be proved by circumstantial evidence. There must be proof however, whether it be circumstantial or direct, of an act of negligence either of commission or omission. We are aware of no authority the effect of which is to say that a case is made in the absence of evidence in proof, circumstantial or direct, of a causative factor.

The causative factor may be a condition or an affirmative act from which an inference of negligence may reasonably flow.

The principle has application in cases where the action is for damages by an invitee. It was applied in the opinions in the following cases: Rogers v. J. C. Penney Co., 127 Neb. 885, 257 N. W. 252; Taylor v. J. M. McDonald Co., 156 Neb. 437, 56 N. W. 2d 610; Brown v. Slack, *supra.* Each of these cases has relation to a con-

dition which it was claimed existed at the time of the accident.

The following are cases wherein it was contended that negligence flowed from active incidents rather than from a negligently created condition: Rocha v. Payne, *supra;* Gilliland v. Wood, 158 Neb. 286, 63 N. W. 2d 147; Davis v. Dennert, 162 Neb. 65, 75 N. W. 2d 112.

In this case there was an absence of proof of any causative factor falling within either classification and accordingly the defendant was at the trial entitled to have his motion for a directed verdict sustained. This being true the judgment notwithstanding the verdict in his favor was properly rendered.

The judgment of the district court is affirmed.

AFFIRMED.