**SEARS, ROEBUCK AND CO., a Corporation, Appellant,**

**v.**

**Mabel DANIELS, Appellee.**

**No. 16790.**

United States Court of Appeals Eighth Circuit.

Feb. 21, 1962.

John R. Baylor, Lincoln, Neb., made argument for appellant. Baylor Evnen, Baylor & Urbom, Lincoln, Neb., on the brief.

Jerry L. Snyder, Lincoln, Neb., made argument for appellee. Muffly & Snyder, Lincoln, Neb., on the brief.

Before SANBORN, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant Sears, Roebuck and Co. appeals from final judgment entered in favor of plaintiff Mabel Daniels in an action for damages for personal injuries alleged to have been incurred as a result of plaintiff falling over a rubber mat in defendant's department store at Lincoln, Nebraska, on December 10, 1957. Jurisdiction, based upon diversity of citizenship and the requisite amount, is established.

It is undisputed that plaintiff was a business invitee at defendant's store and that defendant had caused a large rubber mat to be placed between the inner and outer doors of its store. Plaintiff in her complaint asserts that defendant negligently maintained such rubber mat in such location in a worn and hazardous condition, whereby the edges of said mat were curled up offering a dangerous obstacle to those entering the store; that by reason of such negligence, plaintiff, while entering the store as an invitee, was tripped and thrown to the floor and was injured without fault or negligence

on her part; that defendant's negligence was the proximate cause of plaintiff's substantial injuries for which she asked damages. Defendant denied negligence and asserted affirmative defenses of contributory negligence and assumption of risk.

Evidence was introduced on behalf of the parties. The evidence, viewed in the light most favorable to the plaintiff, shows that the accident occurred in the foyer of the store between the inner and outer doors. A large mat, about 12 feet long, 6 feet wide and ½ inch thick was placed just inside the outer door. The edge of the mat over which plaintiff stumbled could not be seen until the outer door was opened. Plaintiff testified that as she opened the door and stepped into the store, something caught her left foot and caused her to stumble and fall on the mat. Immediately after the fall she observed her surroundings from a sitting position on the mat. The edge of the mat was worn and curled up about 2 inches from the level of the mat. She was "most sure" that she stumbled over the curled edge of the mat. She observed no other obstacles which would cause a fall.

Defendant's assistant manager testified that at the time of the accident the mat was about 13 months old; that it was placed in the foyer under his directions when the weather was stormy.

Plaintiff's evidence as to the condition of the mat is not directly contradicted. The mat was not introduced in evidence nor did defendant offer any testimony to describe the condition of the mat at the time of the accident or immediately thereafter,[1] although it is apparent that defendant had notice of the accident shortly after it happened.

The case was tried to a jury, which returned a verdict in favor of the plaintiff for $1500. Defendant at the close of plaintiff's evidence and again at the close of all of the evidence moved for a directed verdict and after verdict, moved for judgment n. o. v. and for a new trial. All of these motions were overruled, whereupon final judgment was entered upon the verdict. This appeal followed.

## I.

Defendant in its first point urges that the court erred in denying its motion for directed verdict because the evidence is insufficient to show:

(a) The existence of any substantial defect in the mat.

(b) The inherent danger of a 2 inch obstacle created by the curling of the mat at the store entrance.

(c) The defendant's actual or constructive knowledge of the defects in the mat.

(d) The defect was the proximate cause of plaintiff's injuries.

As an additional ground of the motion, defendant stated that plaintiff was guilty of contributory negligence more than slight in failing to observe and bypass the small obstacle created by the curl in the mat.

All of said grounds were raised in defendant's motions made in the trial court. The grounds are closely related and are largely governed by common legal principles. Since the accident occurred in Nebraska, the law of that state governs. This case was tried before an able Nebraska judge. We have frequently stated that on doubtful issues of local law in diversity cases, we go no further than to determine that the trial court has reached a permissible conclusion upon the basis of the law of his state. Transport Mfg. & Equip. Co. v. Fruehauf Trailer Co., 8 Cir., 295 F.2d 223, 227; Homolla v. Gluck, 8 Cir., 248 F.2d 731, 734.

The Supreme Court of Nebraska in cases involving negligence claims asserted by invitees against storekeepers has held that the issues of negligence, proximate cause and contributory negligence

---

1. Defendant made an effort to introduce in evidence a mat but it was excluded as defendant conceded that it could not state that it was the mat involved in the accident.

are ordinarily fact issues and has held that plaintiff had made out a case for the jury in the following cases: Morse v. Gray, 166 Neb. 557, 89 N.W.2d 842, (post in parking lot in drive-in); Brown v. Slack, 159 Neb. 142, 65 N.W.2d 382, (milk tray in aisle in grocery store); Taylor v. J. M. McDonald Co., 156 Neb. 437, 56 N.W.2d 610, (gum in aisle of department store); Rankin v. J. L. Brandeis & Sons, 135 Neb. 86, 280 N.W. 260, (soapy spot in department store aisle); Glenn v. W. T. Grant Co., 129 Neb. 173, 260 N.W. 811, (oil spot in store aisle); Rogers v. J. C. Penney Co., 127 Neb. 885, 257 N.W. 252, (fall down stairway, view of which was obstructed by clothes rack); see also Surface v. Safeway Stores, 8 Cir., 169 F.2d 937, (customer slipped on wet spot in grocery store—case applies Nebraska law.)

It is true that on some occasions in business invitee cases, the Nebraska court has determined defendant was entitled to a directed verdict. Sipprell v. Merner Motors, 164 Neb. 447, 82 N.W.2d 648; Bowerman v. Greenberg, 142 Neb. 721, 7 N.W.2d 711; Broadston v. Beddeo Clothing Co., 104 Neb. 604, 178 N.W. 190. For an exhaustive note collecting cases on "Liability of proprietor of store, office or similar premises for injury from fall due to defect in floor or floor covering," see 64 A.L.R.2d 335.

The Nebraska cases all hold that a store owner is not an insurer of the safety of his patrons and that liability to a business invitee is predicated upon negligence. Negligence is not presumed and the happening of an accident does not establish negligence. The burden is upon the plaintiff to establish negligence and proximate cause. Contributory negligence more than slight is an affirmative defense. The burden is upon the defendant to establish such defense. The issues of negligence, proximate cause and contributory negligence are ordinarily fact issues. In considering the question of the sufficiency of the evidence to support a verdict, the evidence must be viewed in the light most favorable to the prevailing party, and such

party must be given the benefit of all inferences that may reasonably be drawn from the evidence. Morse v. Gray, supra; Coca Cola Bottling Co. of Black Hills v. Hubbard, 8 Cir., 203 F.2d 859, 860.

In Brown v. Slack, supra, the court states:

"'A customer is an invitee and the owner must exercise reasonable care to keep the building reasonably safe for his use, but the owner is not an insurer against accident.' (Citations omitted.)

\*　　\*　　\*　　\*　　\*

"What constitutes due care of an inviter is always determined by the circumstances and conditions surrounding the transaction under consideration.

\*　　\*　　\*　　\*　　\*　　\*

"'The rule is that, where different minds may reasonably draw different conclusions from the evidence as to whether or not they establish negligence, the issues are for the jury.'" 65 N.W.2d 385.

We do not establish the law for the state of Nebraska. Such right and duty rests with the Supreme Court of Nebraska. Hence, it is useless to attempt to discuss the fact situations in many pertinent Nebraska cases or attempt to reconcile or distinguish such cases. Seldom, if ever, is the factual situation in any two negligence cases identical.

It is perhaps fair to say that the Nebraska cases place a greater responsibility to exercise care on a storekeeper for the area within his store than exists toward an invitee on the street or upon the outside steps. For a discussion of this situation by the Nebraska court, see Glenn v. W. T. Grant, supra.

In our present case, the mat causing the accident was in the foyer between the inner and outer doors of the store. Our reading of the Nebraska cases satisfies us that it is by no means clear that the Nebraska court would not apply the standards of care applied within a store to the foyer location here involved.

In our present case, we believe that the jury was warranted in finding that the mat was worn with curled edges raising to a height of 2 inches, as testified to by the plaintiff; that the maintenance of such defective mat was a violation of the duty of care owed by the defendant to the plaintiff as an invitee, and that the 2 inch raised edge of the mat was the proximate cause of plaintiff's fall and injury.

Something should be said about defendant's contention that it is not negligent because it had neither actual nor constructive knowledge of the defective condition of the mat. Two answers can be made to such contention. A heavy rug such as here involved would in all probability not show wear or curl instantaneously. The rug was in a conspicuous place at the store entrance. The jury could reasonably infer that the defect of the type plaintiff described must have been in existence for sufficient time to permit discovery thereof by defendant's supervisory employees.

The other answer is that the jury could find that the condition of the mat was created by defendant or its employees. Under such circumstances, the Nebraska court has customarily held, since the Penney case, that it is not a necessary element of negligence to show that a storekeeper had knowledge of the hazardous or defective condition when it is shown that the condition was created by the defendant or its employees. See Brown v. Slack, supra; Taylor v. McDonald, supra.[2]

Here it is established that the assistant manager ordered the mat placed. This is unlike the situation where candy, gum, tobacco juice or other substance is spilled on the floor by a customer without the knowledge of the management. The evidence appears to afford a basis for an inference that the defect in the mat was in existence at the time the mat was placed in the foyer.

On the contributory negligence issue, this court in Safeway Stores, supra, discusses the law and the Nebraska cases on contributory negligence, and states among other things:

"Among the important factors therefore on the question of contributory negligence are the nature of the preparations which the defendant properly may be expected to make for the plaintiff's safety in the immediate relationship, and the extent to which the plaintiff can assume in the particular situation that this duty is being performed. Thus, 'one entering a store, theatre, office building or hotel, is entitled to expect that his host will make far greater preparations to secure the safety of his patrons than a householder will make for his social or even business visitors.' Restatement, Torts, § 343, Comment e.

"Also, as the Nebraska court has observed, 'it would seem that the employees of a large department store would necessarily ascertain if reasonable care had been exercised in inspecting the premises and whether or not the floors were in a reasonably safe condition for invitees to enter and pass over them in the course of their shopping.' * *

"In a store invitee relationship, where the customer at the time is absorbed in an immediate shopping activity, we believe that the question of contributory negligence will usually be required to be left to the jury." 169 F.2d 940–941.

In our present case, the alleged defective mat was concealed by the door. Plaintiff had the right to assume, in the absence of warning or notice to the contrary, that the passageways leading into the store were reasonably safe and free

2. While this issue was not submitted to the jury, this court in considering a motion for directed verdict is required to apply the correct law without regard to the contents of any instructions that may have been given. Coca Cola Bottling Co. of Black Hills v. Hubbard, 8 Cir., 203 F.2d 859, 862.

of substantial obstructions. A fact issue is presented on the question of whether plaintiff exercised ordinary care for her own safety, under the circumstances here shown.

We are satisfied that the trial court reached a permissible conclusion upon the basis of Nebraska law in denying defendant's motions for directed verdict and for judgment n. o. v.

## II.

Defendant urges that the court erred in refusing to give requested instructions which in substance advised the jury that the burden is on plaintiff to prove as an essential element of her case that the condition of the mat was different from that in which similar mats are maintained in like places of business. Such contention is without merit. "What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not." Texas & Pacific Ry. Co. v. Behymer, 189 U.S. 468, 470, 23 S.Ct. 622, 47 L.Ed. 905.

In any event, it is not reasonable to suppose that the Nebraska court would require plaintiff as part of her cause of action to establish that stores generally did not place mats in their entrances having a 2 inch curl-up at the edge.

## III.

The court, in its instructions in stating the issues, said that plaintiff claimed defendant negligent in that it maintained a rubber mat in a worn and hazardous condition in that the edge was curled up, and later stated that the burden was on the plaintiff to prove such allegation. Defendant excepted to this instruction on the ground that there was no evidence to establish the curling of the edge was due to wear. No authorities are cited in support of this claim of error. A careful reading of the instruction in the light of the instructions as a whole satisfies us that the court committed no prejudicial error with re-spect to this instruction. In giving such instruction, the court was merely setting out plaintiff's contention and was not, as defendant claims, advising the jury that the curl was due to the worn condition of the mat or advising the jury that proof of wear alone would be sufficient to establish defendant's negligence.

## IV.

Plaintiff had a pre-existing arthritic condition. She testified that prior to the accident such condition had become dormant. The court instructed in substance that if the jury found the pre-existing arthritic condition had become dormant and was caused to be activated by the claimed negligence, that defendant would be liable for the whole of such result. In overruling defendant's exception to such instruction, the court observed that the instruction is in complete accord with Nebraska Standard Instruction No. 12. Defendant has cited no Nebraska cases to support its contention and has failed to demonstrate the court committed error in giving this instruction.

## V.

Defendant complains that the court erred in submitting the issue of future pain and suffering to the jury, upon the ground that there is no evidence that plaintiff would with reasonable medical certainty suffer any future pain and suffering as a result of the injuries.

While the evidence on future pain is somewhat weak, we cannot say that there is no evidentiary support for the instruction. Plaintiff at the time of the trial testified she was still suffering from pain as a result of her injuries. Her doctor testified that pain, such as the plaintiff had, sometimes stops but that from his past examination of the plaintiff there is nothing to indicate to him that such pain would stop.

## VI.

The court in its damage instruction authorized the jury to consider the reasonable cost of "medical, surgical

and hospital services already incurred as a reasonably necessary consequence of the accident." Defendant excepted to the inclusion of hospital services on the basis of lack of evidentiary support, but did not object to the inclusion of medical and surgical expense. The instruction apparently is in the stock form for submitting surgical and hospital expense items as a group. The printed record on damages is incomplete and unsatisfactory. The record does contain a statement by plaintiff's doctor that time spent in the hospital subsequent to December 10, 1957, was not referable to plaintiff's accident. The printed record does not show that any hospital bills were introduced in evidence or that there was any testimony as to the amount of hospital bills. The burden is on defendant to demonstrate error. Without knowing what evidence, if any, was before the trial court with reference to hospital bills, we are unable to say the court committed any prejudicial error in giving the instruction complained of. Plaintiff's doctor bills for treatment of injuries, which apparently are not challenged, amounted to $218.50. Giving consideration to the doctor bill, the claim for pain and suffering and loss of earnings, the $1500 verdict can hardly be said to be padded by the inclusion of unproved claims. Moreover, the record does not conclusively show that the plaintiff received no treatment for her injuries at the hospital on the day of her injury.

Defendant has not shown that the court committed prejudicial error in giving the instruction.

### VII.

Lastly, defendant urges that the court erred in sustaining plaintiff's objection to mats offered in evidence. Defendant's counsel conceded: "I am willing to admit that there is some question as to whether it is the very same exact mat, but I think there is no question but what it is the same mat as far as thickness, size, color, and general properties are concerned."

Clearly the court was justified in sustaining plaintiff's objection that no proper foundation had been laid for the introduction of the mat in evidence.

Defendant then attempted to offer the mat in evidence for the limited purpose of giving the jury an idea of the general type of mat. In overruling such offer, the court states, "On that my view is that you can do that by description. If this man saw the mat on December 10th he can probably describe what he saw the same as the plaintiff did."

Possibly the court in its discretion could have admitted the mat for the limited purpose for which it was offered. However, the admission of such testimony rests largely in the court's discretion. Clearly, defendant has failed to show that the court committed any error in excluding the mat from evidence.

A careful examination of the record satisfies us that defendant has in all respects had a fair trial and that no prejudicial errors were committed by the trial court which would require a reversal.

The judgment appealed from is affirmed.